## Drass et ux. v. School District of the Borough of Hollidaysburg

*John J. Haberstroh,* for plaintiffs.

*William H. Eckert, Smith, Buchanan & Ingersoll,* and *J. Calvin Lang, Jr.,* for defendant.

PATTERSON, P. J., December 30, 1938.—This is a rule for a more specific statement of facts in support of the use-plaintiff's right to recover the sum of $12,000 with interest, in an action of assumpsit.

The agreement relied upon by plaintiff was originally executed between one John N. Drass and the defendant school district and provided for the sale of real estate by Drass to the school district with the provision that certain improvements, including sewerage, streets, and sewage disposal plant be made within a certain time thereafter.

Defendant's petition sets forth that paragraph 9 of plaintiff's statement is insufficient to support his claim, and asks for a more specific statement, said paragraph being as follows:

"The said Ernest M. Robinson sets forth as use plaintiff that he has performed all of the covenants lawfully

to be performed by him, as set forth in the article of agreement identified as exhibit 'A', and assignment of interest thereof, identified as exhibit 'B'; and that there is now due and owing to the said plaintiff by said defendant the sum of $12000, with interest thereon from October 26, 1933."

We learned from the oral argument that plaintiff will depend upon some intervening circumstances to relieve him of the strict application of the terms of the written agreement; that Federal and State aid was received for sewerage and street improvements which were to be furnished by Drass. It would seem, therefore, that defendant is entitled to have such matter specifically set forth in the pleadings. The actual amount of money provided from sources not referred to in said agreement, and probably not thought of at the time said agreement was made, now becomes an important factor in determining the rights of the parties, and in our judgment should be made a part of plaintiff's statement. Whether or not plaintiff has discharged his full obligation under the circumstances and the facts which developed since the execution of the agreement is a matter to be first ascertained by a fact-finding jury.

In the case of Daveler v. Fisher, 16 D. & C. 601, the court held:

"Every statement of plaintiff's claim drawn in compliance with the Practice Act embodies a bill of particulars, whether it is in assumpsit or in trespass, and if no such bill of particulars is included the defendant may do one of two things. He may move to strike off an insufficient statement or, if it is not insufficient, he may obtain a rule for a more specific statement."

In the present case defendant is entitled to a more specific statement, and the rule is, therefore, made absolute and plaintiff allowed 15 days in which to file an amended statement.